IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAIM DAWSON | : |
| | : |
| v. | : Civil No. CCB-10-1535 |
| | : Criminal No. CCB-06-106 |
| UNITED STATES OF AMERICA | : |

### MEMORANDUM

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Naim Dawson. On March 9, 2006, the grand jury in the District of Maryland indicted Mr. Dawson for possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Dawson moved to suppress the evidence against him. The court heard evidence on the suppression motion over a three-day period in January 2007. On February 1, 2007, the court denied Mr. Dawson's motion to suppress. Mr. Dawson subsequently entered a guilty plea to the firearm offense, and the court sentenced him to incarceration of 210 months. Mr. Dawson appealed the denial of his suppression motion to the Fourth Circuit, which affirmed the district court's ruling. *United States v. Dawson*, 305 Fed. App'x 149 (4th Cir. 2008) *cert. denied,* 129 S. Ct. 2781 (2009).

Mr. Dawson now challenges his sentence under 28 U.S.C. § 2255. His filed his first habeas petition on June 9, 2010, then sought and was granted leave to amend his petition on March 5, 2012. (ECF Nos. 44, 58, 62.) This opinion addresses all grounds for habeas relief set

forth by Mr. Dawson.[1]  The matter has been fully briefed, and no hearing is necessary.  *See* 28 U.S.C. § 2255.  For the reasons set forth below, the petition will be denied.

*Ineffective Assistance of Counsel*

In his initial petition, Mr. Dawson argued his counsel, Assistant Federal Public Defender Paul Hazlehurst, was ineffective on three grounds, all related to the suppression motion: (1) failing to show Mr. Dawson was illegally seized without probable cause; (2) failing to show Mr. Dawson did not consent to the search of his car; and (3) failing to show that officers searched Mr. Dawson before arresting him and that Mr. Dawson did not deny living at the address found in his wallet, as the officers claimed.  (ECF No. 44, p. 5, 6, 8.)  In his amended petition, Mr. Dawson also argued his counsel was prejudicially ineffective for failing to object at sentencing to the classification of his robbery conviction as a predicate offense under the Armed Career Criminal Act (ACCA).  (ECF No. 58.)

To sustain a claim for ineffective assistance, Mr. Dawson must satisfy the two prong test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  First, a petitioner must show trial counsel's performance fell below "an objective standard of reasonableness."  *Id.* at 687-91.  Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

---

[1] To the extent Mr. Dawson has raised other issues not specifically addressed in this opinion, they have been considered and found without merit.

Mr. Dawson claims his counsel was ineffective for failing to prevail on specific elements of the suppression motion, but fails to identify any particular faulty act or omission by his counsel. Mr. Dawson alleges, with respect to each ground, that his counsel failed to "present[] [the] evidence needed" to demonstrate that suppression was warranted. (ECF No. 44, p. 5, 6, 8.) Mr. Dawson does not, however, identify even one piece of evidence his counsel failed to present or provide any argument about how that evidence would have changed the outcome of the trial.[2] Rather, Mr. Dawson merely rehashes arguments that both the district court and the Fourth Circuit expressly rejected and faults his trial counsel for failing to succeed on those claims.

Courts have concluded that unsupported and conclusory allegations of ineffective assistance of counsel are subject to dismissal. *See Wagner v. United States,* 377 F.Supp.2d 505, 509 (D.S.C. 2005), *appeal dismissed,* 146 F. App'x 701 (4th Cir. 2005) ("[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue") (internal quotations omitted); *Gray v. United States*, 2012 WL 706989 *4 (D. Md. Mar. 2, 2012) (rejecting ineffective assistance of counsel claim where petitioner "provide[d] only conclusory allegations regarding her counsel's ineffectiveness, contrary to *Strickland*'s mandate that a petitioner 'identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment'").[3]

Moreover, the record reveals that Mr. Dawson's counsel presented the case for suppression thoroughly and professionally. Counsel called several witnesses, including Mr. Dawson's wife and niece and an investigator who had examined Mr. Dawson's apartment, and

---

[2] Insofar as the "evidence" which Mr. Dawson faults his attorney for failing to present may be Mr. Dawson's own testimony, as he suggests in his reply memorandum, the court notes that Mr. Dawson was explicitly advised of his right to testify, and declined to do so. (ECF No. 57, p. 10-11; ECF No. 51, Exh. B, p.71-72.) To the extent this was based on the advice of counsel, Mr. Dawson has not shown that such strategic advice was in any way outside the range of professional competence.

[3] Unpublished opinions are not binding and are cited only for their reasoning.

3

extensively cross-examined the government's witnesses. (ECF No. 51, Exhs. A, B.) Counsel made a lengthy argument to the court in support of Mr. Dawson's motion to suppress. (ECF No. 51, Exh. B.) In fact, as the government notes, the court specifically stated at the close of the presentation of evidence that "this has been a very thorough presentation of a lot of issues over a number of days." (ECF No. 51, Exh. C, p. 2.) In summary, the record does not reveal – and Mr. Dawson does not adequately allege – that Mr. Dawson's counsel was deficient in any regard. If Mr. Dawson believes his counsel failed to present important evidence, the burden is his to identify that evidence and explain why its absence prejudiced him. Mr. Dawson does neither.

As noted, Mr. Dawson has raised an additional ground of ineffective assistance of counsel. (ECF No. 58.) In his amended § 2255 petition, Mr. Dawson claims he was prejudiced by his counsel's failure to object at sentencing to the court's classification of Mr. Dawson's prior robbery conviction as an ACCA predicate offense. The precise nature of Mr. Dawson's robbery conviction is unclear. At sentencing, Mr. Dawson's counsel stated that his own records were consistent with the presentence report, which reflected that Mr. Dawson had a prior conviction for "robbery with a deadly weapon." Mr. Dawson's counsel also noted, however, that Mr. Dawson believed the conviction was for conspiracy to commit robbery – not robbery with a deadly weapon – and that police reports from the incident indicated that Mr. Dawson was not the gunman in the robbery. (ECF No. 51, Exh. F, p. 2-3.) The court concluded that Mr. Dawson was an Armed Career Criminal under the Act, finding that "even if it were a conspiracy to commit robbery, it would not affect the fact that it is a crime of violence." (*Id.* at 5.)

In his first habeas petition, Mr. Dawson stated that he had a "conviction involving armed robbery" and argued armed robbery is not a violent felony under the ACCA. (ECF No. 44, p. 15.) In his amended petition, Mr. Dawson states that he has a "prior conviction for conspiracy to

4

commit robbery" and argues conspiracy to commit robbery is not a predicate offense under the ACCA. (ECF No. 58, p. 1.) Because the court did not make a specific finding about the nature of Mr. Dawson's prior robbery conviction at the time of sentencing, the court will assume for the purposes of this opinion that Mr. Dawson's conviction was for conspiracy to commit robbery.

In his amended petition, Mr. Dawson argues his conviction for conspiracy to commit robbery does not constitute a violent felony because he entered an Alford plea to the charge. *N. Carolina v. Alford*, 400 U.S. 25 (1970). In support of this argument, Mr. Dawson cites *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010). In that case, the Fourth Circuit considered whether convictions under Maryland's second-degree assault statute constituted violent felonies under the ACCA when the defendant had entered an Alford plea to the charge. The court found the second-degree assault statute was sufficiently broad to encompass several distinct crimes – some of which constitute predicate convictions under the ACCA and others which do not. The court held that because the defendant had entered an Alford plea, the sentencing court was prohibited from relying on the facts asserted by the government at the plea hearing to determine whether the particular conviction qualifies as a predicate crime, as it otherwise would. *Id.* at 227; *see also Shepard v. United States,* 544 U.S. 13, 20-21, 24 (2005). Mr. Dawson claims the same reasoning should apply to his Alford plea.

In evaluating ineffective assistance of counsel claims, "courts must judge the reasonableness of counsel's challenged conduct on the facts of a particular case, *viewed as of the time of counsel's conduct.*" *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (quoting *Strickland,* 466 U.S. at 690) (emphasis added). Counsel is not ineffective for "failure to anticipate a new rule of law." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996); *see also United*

*States v. Claiborne*, 388 F. Supp. 2d 676, 682 (E.D. Va. 2005) (noting that counsel is not deficient for following controlling circuit precedent at time of trial).

Mr. Dawson's ineffective assistance claim must fail, then, because at the time of his sentencing, a conviction for conspiracy to commit robbery clearly constituted a predicate offense. *See United States v. Wilson,* 951 F.2d 586, 587-88 (4th Cir. 1991) (concluding that robbery as defined under Maryland law was categorically a crime of violence for the career offender provisions of the Sentencing Guidelines); *see also United States v. Ward*, 171 F.3d 188, 193 (4th Cir. 1999) (holding that conviction for conspiracy to commit robbery is a predicate offense for career offender status under the Sentencing Guidelines).[4] In this case, counsel's actions pre-dated the courts' reassessment of the definition of "violent felony" in the wake of *Begay v. United States*, 553 U.S. 137 (2008), and its progeny, and also pre-dated *Alston*'s holding that Alford pleas may limit the scope of a sentencing court's inquiry as to whether conviction of an offense that is not "categorically" a crime of violence constitutes a predicate offense for career offender status.[5] Accordingly, there was no reason for Mr. Dawson's counsel to object to the classification of his conviction for conspiracy to commit robbery as an ACCA predicate offense.[6]

---

[4] "Because the language defining a violent felony in [18 U.S.C.A.] § 924(e) [of the ACCA] is nearly identical to and materially indistinguishable from the language defining a crime of violence in U.S.S.G. § 4B1.2," courts rely on case law interpreting both provisions when deciding whether a prior offense qualifies as a "crime of violence" or "violent felony." *United States v. Roseboro*, 551 F.3d 226, 229 n.2 (4th Cir. 2009), *abrogated on other grounds by United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010).
[5] It bears noting that the Fourth Circuit has since held that a conviction for conspiracy to commit robbery with a dangerous weapon qualifies as a predicate offense under the ACCA under the *Begay* analysis. *See United States v. White*, 571 F.3d 365, 373 (4th Cir. 2009) (analyzing a North Carolina conviction).
[6] I am not suggesting that such an objection would prevail even if made today.

6

*Validity of the Plea Agreement and Appellate Waiver*

Mr. Dawson argues he did not understand "the nature and consequences" of the plea bargain and appeal waiver he signed and that the agreement and waiver were therefore "unknowing[] and involuntar[y]."  (ECF No. 44, p. 16.)  Mr. Dawson alleges his counsel "failed to effectively review" the plea agreement with him and did not explain "the meaning of the appeal waiver."  (*Id.*)

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal."  *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005).  Whether a waiver was knowing and voluntary "ultimately is evaluated by reference to the totality of the circumstances."  *Id.* (internal quotations omitted).  The Fourth Circuit has held that waivers are presumptively valid where the district court's questioning meets the requirements of Rule 11.  *See, e.g., United States v. General,* 278 F.3d 389, 400 (4th Cir. 2002) (finding a waiver "unambiguous" and "plainly embodied in the plea agreement" despite defendant's "limited educational background and intellect" and the district court's failure to specifically ask the defendant whether he understood the waiver provision); *United States v. Wiggins*, 905 F.2d 51, 54 (4th Cir. 1990) (reviewing the steps taken by the district court to ensure defendant's waiver was knowing and intelligent and holding that "waivers should be given their proper effect").

Here, the record demonstrates Mr. Dawson knowingly and intelligently entered into the plea agreement and waived his right to appeal.  The court conducted a full and proper Rule 11 hearing, including advising Mr. Dawson of his right to plead not guilty, his right to a trial by jury, his right to representation by a lawyer, and the government's burden to prove the elements of the offense beyond a reasonable doubt.  (ECF No. 51, Exh. E, p. 7-10.)  The court advised Mr.

7

Dawson of the mandatory minimum sentence of 15 years and the maximum sentence of life without parole. (*Id.* at 5.) The court explained the operation of the Sentencing Guidelines and the nature of an appeal waiver. (*Id.* at 6-7, 10-11, 16-17.) Mr. Dawson stated that he had completed two years of college. (*Id.* at 4.) He affirmed that he understood the mandatory minimum and maximum penalties and understood the rights he was giving up. (*Id.* at 5-6, 8-11.) Mr. Dawson attested that he had read and carefully reviewed the plea agreement. (*Id.* at 11-12.) Based on Mr. Dawson's answers, the court found that he was competent to enter the plea and understood the rights he was giving up. (*Id.* at 19.)

In summary, there is no evidence on the record to support Mr. Dawson's challenge to the validity of the plea agreement and appeal waiver. *See, e.g., Blick,* 408 F.3d at 169 (observing that "[t]he language and meaning of the appeal waiver – indeed, the plea agreement as a whole – is clear and unmistakable," and affirming the district court's finding that the plea was valid).[7]

*Challenges to Sentence*

Finally, Mr. Dawson sets forth two challenges to his sentence. First, he argues his sentence of 210 months is greater than necessary or reasonable and conflicts with the goals of 18 U.S.C. § 3553. Next, he argues his sentence is invalid because the district court did not

---

[7] To the extent Mr. Dawson alleges ineffective assistance of counsel on the grounds that his attorney failed to properly advise him about the plea agreement and appeal waiver, his claim also fails. Mr. Dawson asserts in his petition that his counsel never gave him "a detailed explanation" of the plea agreement and appeal waiver, but his statements in open court directly contradict this claim. Indeed, Mr. Dawson affirmed in court that he "read this agreement [including the appeal waiver] and carefully reviewed every part of it with [his] attorney" and that he was "completely satisfied with the representation of [his] attorney." (ECF No. 51, Exh. E, p. 12.) *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

understand it had the authority to categorically reject the application of the ACCA enhancement. (ECF No. 44, p. 8.)

As noted, Mr. Dawson has waived his right to appeal a sentence within the guidelines. The Fourth Circuit has identified a few narrow circumstances in which an appeal waiver can be set aside, such as if the defendant was denied effective assistance of counsel at sentencing, *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994), the sentence exceeded the statutory maximum, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or the sentence was "based on a constitutionally impermissible factor such as race," *id.* In this case, none of those factors are present. The court has already established the appeal waiver was knowing and voluntary and there was no ineffective assistance of counsel. Furthermore, the sentence of 210 months was patently reasonable and well below the statutory minimum. The court sentenced Mr. Dawson at the low end of the guidelines range of 210 to 262 months and explicitly referred to the § 3553 factors in determining the sentence. (ECF No. 51, Exh. F, p. 11-12.)[8]

Mr. Dawson's final argument is also unavailing. He charges that "at the time of sentencing, the district court did not understand and could not have known that it could depart from the applicable Guidelines range based on a policy disagreement with an application of the Guidelines." (ECF No. 44, p. 9.) Mr. Dawson's petition references a January 2009 Supreme

---

[8] In the course of challenging his plea agreement and appeal waiver, Mr. Dawson alleges that the waiver was "contradictory." (ECF No. 44, p. 16.) Indeed, the plea agreement had a typographical error which stated that Mr. Dawson "waives any right to appeal from any sentence within or below the advisory guidelines range resulting from criminal history category VI and an adjusted base offense level of *thirty (32)*." (Plea Agreement, ECF No. 51, Exh. D, p.6.) (emphasis added). The court finds that this typographical error does not undermine the validity of the plea agreement. First, the subsection of the plea agreement entitled "Offense Level Stipulation" correctly set forth that Mr. Dawson's base agreement offense level was 34 and would be reduced by two levels based on Mr. Dawson's acceptance of responsibility. *Id.* at 4-5. Moreover, the court walked Mr. Dawson through the correct calculation of his offense level. (ECF No. 51, Exh. E, p. 15-17.) In any event, as the government notes, the guidelines range for an adjusted offense level of 30 and a criminal history category VI is 168-210 months. Therefore, Mr. Dawson's sentence of 210 months would be within the guideline range and his right to appeal would be waived *even if* his adjusted offense level had been 30.

Court case which, according to Mr. Dawson, "made clear the district court could reject the career offender enhancement based upon a policy disagreement." (*Id.*) Mr. Dawson likely refers to *Spears v. United States*, 555 U.S. 261, 265-66 (2009), in which the Supreme Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines" and its predecessor, *Kimbrough v. United States*, 552 U.S. 85 (2007). This case of course involves the ACCA, not the career offender guidelines. In any event, *Kimbrough* and *Spears* held that "[t]he ultimate question . . . is whether the sentence was reasonable – *i.e.*, whether the District Judge abused his discretion in determining that the § 3553 factors supported [the] sentence . . . ." *Kimbrough*, 552 U.S. at 111 (internal quotation marks omitted). As established, Mr. Dawson's sentence was reasonable.[9]

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue . . . only if the applicant has made a

---

[9] Mr. Dawson also argued in his initial petition that his prior conviction involving armed robbery does not constitute an ACCA predicate offense under new case law. (ECF No. 44, p. 15.) Because Mr. Dawson did not make this argument at sentencing and waived his right to appeal, he is "barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006); *see also United States v. Emanuel,* 869 F.2d 795, 796 (4th Cir. 1989) (non-constitutional issues are waived in a § 2255 motion if they were not raised on direct appeal). When seeking to assert challenges in a § 2255 motion which were not raised at sentencing or on direct appeal, a petitioner must satisfy the requirements of a two-part "cause and actual prejudice" test to obtain relief. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). Under that test, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.; see also United States v. Maybeck,* 23 F.3d 888, 890 n.1 (4th Cir. 1994). This standard presents "a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at 166. Mr. Dawson does not meet this standard, and he has no defense of "actual innocence" under the ACCA in light of his conviction involving conspiracy to commit robbery, so his argument is cognizable only if framed as an ineffective assistance claim. That argument already has been addressed.

substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (internal quotations omitted). Mr. Dawson has not made the requisite showing for this court to issue a certificate of appealability.

In summary, Mr. Dawson has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate order follows.

<u>March 30, 2012</u>    /s/ _____
Date                    Catherine C. Blake
                        United States District Judge